Sanford N. Nathan (SBN 47016)
Christine S. Hwang (SBN 184549)
Danica Li (SBN 306850)
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Tel: (510) 272-0169
Fax: (510) 272-0174
sandy.nathan@outlook.com
chwang@leonardcarder.com
dli@leonardcarder.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMEDA COUNTY ELECTRICAL INDUSTRY SERVICE CORPORATION, *a California corporation*; IBEW LOCAL 595 HEALTH & WELFARE TRUST FUND; IBEW LOCAL 595 PENSION TRUST FUND; IBEW LOCAL 595 MONEY PURCHASE PENSION TRUST FUND; IBEW LOCAL 595 VACATION FUND; IBEW LOCAL 595 APPRENTICE & TRAINING FUND; ELECTRICAL CONTRACTORS TRUST; CONTRACT ADMINISTRATION FUND; LABOR MANAGEMENT COOPERATION FUND; BOARDS OF TRUSTEES OF IBEW LOCAL 595 TRUST FUNDS; *and* BOARD OF DIRECTORS OF ALAMEDA COUNTY ELECTRICAL INDUSTRY SERVICE CORPORATION,<br><br>    Plaintiffs,<br>v.<br><br>BOSCACCI, INC. d/b/a AMP ELECTRIC; and FREMONT UNIFIED SCHOOL DISTRICT,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS UNDER ERISA  (29 U.S.C. §§ 185, 1132, 1145)** |

1
COMPLAINT FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL:(510) 272-0169  FAX:(510) 272-0174

Plaintiffs Alameda County Electrical Industry Service Corporation, a California corporation; IBEW Local 595 Health & Welfare Trust Fund; IBEW Local 595 Pension Trust Fund; IBEW Local 595 Money Purchase Pension Trust Fund; IBEW Local 595 Vacation Fund; IBEW Local 595 Apprentice & Training Fund; Electrical Contractors Trust; Contract Administration Fund; Labor Management Cooperation Fund; Boards of Trustees of the IBEW 595 Trust Funds; and Board of Directors of the Alameda County Electrical Industry Service Corporation (collectively, "Plaintiffs" or "Plaintiffs Trust Funds"), hereby allege as follows:

## INTRODUCTION

1. This action arises out of Defendant Boscacci, Inc.'s d/b/a AMP Electric ("AMP") failure to make required contributions to Plaintiffs employee benefit trust funds established under the collective bargaining agreement between the International Brotherhood of Electrical Workers ("IBEW") Local 595 and the Alameda County Branch, Northern California Chapter, National Electrical Contractors Association ("NorCal NECA"). As a signatory electrical industry employer, AMP is obligated to make contributions to trust funds jointly managed by union and employer representatives. These trust funds provide fringe benefits such as health and welfare, vacation, and pension benefits.

2. Plaintiffs are trust funds and the trustees of these funds seeking to recover from AMP delinquent fringe benefit plan contributions along with liquidated damages, interest, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

3. Plaintiffs' causes of action arise under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, for violations of ERISA Section 515, 29 U.S.C. § 1145 and Section 301 of the Labor-Management Relations Act ("LMRA"), (29 U.S.C. § 185). This Court has jurisdiction under 28 U.S.C. § 1331.

4. This Court also has supplemental jurisdiction of additional state law claims under 28 U.S.C. § 1367, which grants the Court jurisdiction over state claims arising out of the same case or controversy.

5. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b)

and 29 U.S.C. § 1132(e)(2) because the collective bargaining agreements and trust agreements that created Defendant AMP's obligation to make contributions to Plaintiff trust fund were made and are administered in this District. Additionally, the breach took place in this District. Further, Defendant AMP conducts business in this District.

## INTRADISTRICT ASSIGNMENT

6. Assignment of this action would be proper to the Oakland Division of this Court because the action arises in the county of Alameda. Under Civil Local Rule 3-2(c), the Clerk shall assign civil action to the court division serving the county in which the action arises. A civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred. As discussed above, the collective bargaining agreements and trust agreements which created Defendant AMP's obligations to make contributions were made in Alameda County. In addition, the breach took place in Alameda County.

## PARTIES

7. Plaintiffs IBEW LOCAL 595 PENSION TRUST FUND, IBEW LOCAL 595 HEALTH & WELFARE TRUST FUND, IBEW LOCAL 595 MONEY PURCHASE PENSION TRUST FUND, IBEW LOCAL 595 VACATION TRUST FUND, IBEW LOCAL 595 APPRENTICE AND TRAINING FUND, ELECTRICAL CONTRACTORS TRUST, CONTRACT ADMINISTRATION FUND, and LABOR MANAGEMENT COOPERATION FUND (collectively, "TRUST FUNDS") are express trust funds organized and existing under the laws of the United States which established the Pension, Health and Welfare, Money Purchase, Vacation, Apprentice and Training, Electrical Contractors, Contract Administration, and Labor Management Cooperation Plans as employee benefit plans with their principal place of business located in Alameda County in the State of California. Plaintiff TRUST FUNDS were created by written trust agreements pursuant to Section 302 of the Labor-Management Relations Act, 29 U.S.C. § 186. Plaintiff TRUST FUNDS and the Pension, Health and Welfare, Money Purchase, Vacation, Apprentice and Training, Electrical Contractors, Contract Administration, and Labor Management Cooperation Plans are also multi-employer employee benefit plans as defined by ERISA, 29 U.S.C. §§ 1002(3), 1002(37)(a), 1003, and 1132(d)(1).

8. Plaintiffs BOARDS OF TRUSTEES of the TRUST FUNDS (collectively "TRUSTEES") are the Plan Administrator and fiduciary for the TRUST FUNDS and the Plans, as those terms are defined by ERISA sections 3(16)(A)(i) and (21)(A), 29 U.S.C. §§ 1002(16)(A)(i) and (21)(A). The TRUSTEES' principal place of business is in Pleasanton, California.

9. Plaintiff ALAMEDA COUNTY ELECTRICAL INDUSTRY SERVICE CORPORATION ("EISC") is a California corporation that serves as the custodian of all fringe benefit contributions collected under *the Alameda County Inside Construction Agreement between Alameda County Branch, Northern California Chapter, National Electrical Contractors Association and Local Union 595, International Brotherhood of Electrical Workers* ("CBA"). The EISC is the collection agent for the TRUST FUNDS.

10. Plaintiff ALAMEDA COUNTY ELECTRICAL INDUSTRY SERVICE CORPORATION BOARD OF DIRECTORS is the governing body of the EISC.

11. Defendant AMP is a corporation organized under the laws of the state of California with a corporate entity number of C3274438. Defendant AMP is a licensed electrical contractor (Contractors State License Board No. 915178) with a principal office in Redwood City, California. At all times relevant hereto, Defendant AMP has:

   a. been an employer within the meaning of 29 U.S.C. § 1002(5);
   b. operated as an electrical contractor, and employed individuals represented by IBEW Local 595 to perform electrical services on jobs in Alameda County, California; and
   c. been obligated to make employer contributions to the TRUST FUNDS pursuant to the CBA and the trust agreements.

12. Defendant FREMONT UNIFIED SCHOOL DISTRICT ("FREMONT UNIFIED") is and at all times herein mentioned was a public school district within the County of Alameda duly organized and existing under the laws of the State of California. On information and belief, Defendant FREMONT UNIFIED initially contracted with General Contractor Vila Construction ("Vila Construction"). Upon information and belief, Vila Construction defaulted,

1  upon which RJT Construction ("RJT") was brought in as the successor General Contractor for
2  construction services on the Walter Junior High School projects described herein. On
3  information and belief, Vila Construction subcontracted with Defendant AMP for construction
4  services on the Walter Junior High School projects described herein until on or around late 2018
5  or early 2019, after which RJT assumed Vila's subcontract with AMP.

## GENERAL ALLEGATIONS

### Amounts Owed Under 2019 Audit Report:
### January 2016-May 2018 Delinquencies

13. Numerous union-represented electrician employees of AMP performed work for Defendant AMP between January 2016 and May 2018. This work was covered under the CBA applicable at that time.

14. Defendant AMP has failed and refused to make full and timely contributions to Plaintiff TRUST FUNDS for the work performed by union-represented electrician employees of AMP from between January 2016 and May 2018.

15. Defendant AMP's failure to make full and timely contributions to the TRUST FUNDS for this work was not known or discovered by Plaintiffs at the time of the failure. Rather, in or around late September 2018, through the TRUST FUNDS' payroll auditing program, the TRUSTEES discovered that Defendant AMP had misreported and not fully paid its contributions to the TRUST FUNDS for the relevant employees for work performed between January 2016 and May 2018, inclusive.

16. The extent of AMP's delinquencies discovered through the TRUST FUNDS' payroll auditing program was summarized by the TRUST FUNDS' auditors in the 2019 Audit Report ("2019 Audit Report"). The 2019 Audit Report summarized the number of hours under-reported by AMP and tabulated the amounts owed to each of the TRUST FUNDS by AMP.

### Amounts Owed For Walters Junior High School Job:
### August 2018-December 2018 Delinquencies

17. Plaintiff EISC serves as the custodian for all contributions due from Defendant AMP on behalf of union-represented employees who worked as electricians on the Walters

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL:(510) 272-0169   FAX:(510) 272-0174

Junior High School Measure E Update ("Walters Junior High Job"), as employees of subcontractor and Defendant AMP.

18. Defendant AMP was, at all times relevant, the subcontractor to the General Contractor, Vila Construction, on the Walters Junior High job. On information and belief, on or about late 2018 or early 2019, AMP's subcontract was assumed by General Contractor RJT which replaced Vila Construction on this project.

19. On information and belief, Vila Construction was, at all times relevant, contracted with Defendant FREMONT UNIFIED to carry out construction duties on the Walters Junior High job until on or about late 2018 or early 2019, after which RJT assumed these duties.

20. On February 19, 2019, Plaintiff TRUST FUNDS filed a stop notice with FREMONT UNIFIED to halt payments to Vila Construction, as Plaintiff TRUST FUNDS had discovered that Defendant AMP was not meeting its obligations to provide benefit contributions under the CBA and relevant trust agreements.

21. Defendant AMP has not paid its obligations under the CBA related to the Walters Junior High job, for work performed from August 2018 through December 2018, despite numerous reminders and requests for AMP to do so by Plaintiff TRUST FUNDS.

**FIRST CAUSE OF ACTION**

**FAILURE TO MAKE BENEFIT CONTRIBUTIONS
29 U.S.C. §§ 1132, 1145
AGAINST DEFENDANT AMP**

22. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if set out here in full.

23. Pursuant to the trust agreement, Plaintiff TRUST FUNDS were established for the sole and exclusive purpose of providing pension benefits and other benefits to employees covered by the CBA, and to their dependents and beneficiaries. Plaintiff TRUST FUNDS are third-party beneficiaries to the CBA.

24. As a signatory to the CBA, Defendant AMP is obligated to participate in the TRUST FUNDS in accordance with the TRUST FUNDS' governing documents, including the trust agreements which established the Plans and the rules and regulations adopted by the

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL:(510) 272-0169   FAX:(510) 272-0174

1  TRUSTEES of the TRUST FUNDS.

2  25. Under the CBA and the trust agreements, Defendant AMP is obligated to make monthly reports to the TRUST FUNDS of the hours worked by employees covered by the CBA, and to make contributions to the TRUST FUNDS based on these hours at rates set forth in the CBA. The reports and contribution payments for any calendar month are due by the 20th day of the following month.

26. The TRUST FUNDS cannot administer benefits without the employer's adherence to its obligations under the CBA and the trust agreements to make the fringe benefit payments. The TRUST FUNDS rely on the employer to accurately report its employees' hours.

27. Pursuant to the terms of the trust agreements and EISC policies, employers such as Defendant AMP who fail to make full and timely contributions to the TRUST FUNDS are obligated to pay liquidated damages of ten percent (10%) of the unpaid balance, plus interest at the rate set by the TRUSTEES of the TRUST FUNDS (12% simple interest per annum), and expenses incurred in collecting delinquent contributions, including attorneys' fees and costs.

28. Numerous union-represented employees of AMP performed work for Defendant AMP between January 2016 and May 2018, inclusive. This work was covered under the CBA applicable at that time.

29. Defendant AMP has failed and refused to make full and timely contributions to Plaintiff TRUST FUNDS for the work performed by union-represented employees of AMP from between January 2016 and May 2018, inclusive.

30. Defendant AMP's failure to make full and timely contributions to the TRUST FUNDS for this work was not known or discovered by Plaintiffs at the time of the failure. Rather, in or around late September 2018, the TRUSTEES discovered that Defendant AMP had misreported and not fully paid its contributions for the relevant employees for work performed between January 2016 and May 2018, inclusive.

31. Moreover, Defendant AMP has failed and refused to make full and timely contributions to Plaintiff TRUST FUND for the work performed by union-represented employees of AMP from between August 2018 and December 2018, inclusive, on the Walter

Junior High job.

32. Under the terms of the CBA and relevant trust agreements, Defendant AMP currently owes TRUST FUNDS the following amounts:

    a. Under the 2019 Audit Report, $171,982.02 in unpaid contributions, liquidated damages and interest through April 26, 2019 for work performed between January 2016 and May 2018;

    b. For the Walters Junior High Job, $17,959.40 in unpaid contributions, liquidated damages and interest through April 26, 2019 for work performed between August 2018 through December 2018;

    c. Additional interest on the delinquent amounts at the rate of 12% simple interest per annum until Defendant AMP's obligations are paid in full, according to proof;

    d. Lost investment earnings on delinquent pension contributions, according to proof; and

    e. Costs of suit and reasonable attorneys' fees, according to proof.

33. Sections 502 and 515 of ERISA (29 U.S.C. §§ 1132, 1145) provide a cause of action for the collection of delinquent contributions owed by an employer to a multi-employer benefit plan under the terms of the plan or pursuant to a collective bargaining agreement.

34. Defendant AMP has failed and refused to make contributions as required under the TRUST FUNDS' governing documents and the CBA. Plaintiffs are therefore entitled to recover from AMP the principal amounts owing under the terms of the governing documents and the CBA, interest, liquidated damages, and attorneys' fees and costs, as required by the trust agreements and federal law.

## SECOND CAUSE OF ACTION

### ENFORCEMENT OF STOP NOTICE AGAINST PUBLIC AGENCY DEFENDANT – CAL. CIV. CODE §§ 8100, 8110, 9100, 9352, 9354, and 9358

35. Plaintiff TRUST FUNDS re-allege and incorporate by reference all preceding paragraphs as if set out here in full.

36. Plaintiff TRUST FUNDS have filed a stop notice pursuant to Sections 8100,

8110, 9100, 9352, 9354, and 9358 of the California Civil Code with the public agency, Defendant FREMONT UNIFIED, with whom Defendant AMP contracted to provide construction services on public works projects. In this stop notice, Plaintiffs demanded that Defendant FREMONT UNIFIED withhold sufficient funds to answer Plaintiffs' claims contained in the stop notice.

37. Sections 9350 *et seq.* of the California Civil Code authorize an action against the contracting public entity to enforce payment of a claim stated in a public works stop notice. Sections 9350 *et seq.* require the commencement of an action against the public entity in order that the funds subject to the stop notice not be released 90 days following the expiration of the period within which stop notices must be filed pursuant to statute.

38. Plaintiffs TRUST FUNDS are entitled to at least the amounts stated in their stop notice for labor performed on said project for the reasons stated herein. These sums remain unpaid to Plaintiffs for the labor performed on said projects, and do not account for liquidated damages and interest, which Plaintiffs are also owed. Plaintiffs are entitled to judgment against Defendant AMP, as stated herein, and further, to an order directing FREMONT UNIFIED to disburse to Plaintiff TRUST FUNDS the sums to which they are legally entitled from the funds withheld pursuant to their stop notice.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

1. For judgment in the amount of unpaid contributions, liquidated damages, and interest due to TRUST FUNDS under the terms of the CBA and trust agreements as described herein, in amounts to be proven at trial;

2. Lost investment earnings on unpaid Pension Plan contributions, according to proof;

3. For an order directing FREMONT UNIFIED to disburse to Plaintiffs the sums to which they are legally entitled from the funds withheld pursuant to their stop notice;

4. For attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g)(2); and

5. For such other relief as the Court deems just and proper.

Dated:  April 26, 2019

Respectfully submitted,
LEONARD CARDER LLP

By:  /s/ Christine S. Hwang
Sanford N. Nathan
Christine S. Hwang
Danica Li

*Attorneys for Plaintiffs*

**LEONARD CARDER, LLP**
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

10
COMPLAINT FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS